**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____
**EDDIE JAMES LEE, SR.,**

                      **Plaintiff,**
             v.                                     **9:05-CV-1304**
                                                             **(NAM)(RFT)**

**J. TAYLOR, Superintendent; L. DOUGLAS,**
**Commissary Supervisor; THOMAS G. EAGEN,**
**Central Office, Inmate Grievance Coordinator,**

                      **Defendants.**
_____

APPEARANCES:

EDDIE JAMES LEE, SR.
94-B-0823
Mohawk Correctional Facility
PO Box 8450
Rome, NY 13442
Plaintiff, *pro se*

**Hon. Norman A. Mordue, Chief U.S. District Judge**

### DECISION and ORDER

By prior Decision and Order, this Court ruled that the original pleading filed by *pro se* plaintiff Eddie James Lee, Sr. failed to set forth a short and plain statement of his claim demonstrating that plaintiff was entitled to relief for the alleged violation of his constitutional rights. Dkt. No. 3 at 3-4. In light of his *pro se* status, plaintiff was afforded an opportunity to file an amended complaint. *Id*. at 4. Plaintiff was also directed to comply with the filing fee requirements if he wished to avoid dismissal of this action. *Id*. at 5.

Plaintiff has not complied with the Court's Decision and Order insofar as it required that he either pay the filing fee for this matter or submit a signed inmate authorization form. Plaintiff has, however, submitted an amended complaint for the Court's consideration. Dkt. No. 4.

In its prior Decision and Order, the Court determined that plaintiff had not set forth facts sufficient to state a claim for relief based upon his claim that the sale of tobacco products at the commissary at Gouverneur Correctional Facility violates his Eighth Amendment rights. Dkt. No. 3 at 3-4. As noted by the Court, the complaint did not clearly identify the nature of plaintiff's exposure to tobacco nor did it set forth any claim that plaintiff has suffered serious health consequences as a result of his exposure to tobacco. *Id*.

Upon review of the amended complaint, the Court finds that plaintiff has failed to cure the deficiencies discussed by the Court in its prior Decision and Order. While plaintiff states in his amended complaint that he does not use tobacco products himself and that he is complaining of exposure to environmental tobacco smoke, he has not provided any information regarding the nature and extent of that exposure during his confinement at Gouverneur Correctional Facility. Moreover, while plaintiff claims to suffer from a heart condition, he does not allege that exposure to tobacco smoke either caused or exacerbated that condition. Accordingly, these allegations do not a state a claim upon which relief may be granted by this Court.

For the reasons set forth herein and in the Court's prior Decision and Order, the Court finds that plaintiff's amended complaint fails to state a claim upon which relief may be granted. Accordingly, and in light of plaintiff's failure to comply with the filing fee requirements, this action is dismissed.

WHEREFORE, based upon the foregoing, it is hereby

ORDERED, that this action is dismissed due to plaintiff's failure to comply with the Court's prior Decision and Order, and it is further

ORDERED, that this action is dismissed without prejudice, and it if further

2

ORDERED, that the Clerk serve a copy of this Decision and Order on plaintiff.

IT IS SO ORDERED.

Dated:   November 15, 2006
        Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge